William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
T. Jean Mooney (SBN 211747)
  jmooney@dtolaw.com
DTO LAW
601 South Figueroa Street, Ste. 2130
Los Angeles, CA 90017
Telephone:  (213) 335-6999
Facsimile:   (213) 335-7802

Attorneys for Plaintiff
PHD FITNESS LLC
d/b/a JYM SUPPLEMENT SCIENCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PHD FITNESS LLC d/b/a JYM SUPPLEMENT SCIENCE, | Case No.:  2:23-cv-00060 |
|---|---|
| Plaintiff, | **COMPLAINT FOR FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125, AND UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200** |
| v. | |
| KAGED MUSCLE, LLC, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

234222

1      Plaintiff PhD Fitness LLC d/b/a JYM Supplement Science
("Plaintiff" or "PhD") files this Complaint against Defendant Kaged
Muscle, LLC ("Defendant" or "Kaged") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false advertising under the Lanham Act, 15 U.S.C. § 1125, and unfair competition arising from Defendant's social media campaign on Facebook containing false representations of fact regarding Plaintiff's nutritional supplement products.

2. Defendant's actions have caused and will continue to cause Plaintiff considerable harm, including the corresponding loss in business resulting from Defendant's false representations. Accordingly, Plaintiff seeks relief in this Court.

## PARTIES

3. Plaintiff PhD is a limited liability company organized under the laws of the State of California, with its principal place of business at 31300 Via Colinas, #101, Westlake Village, California 91362.

4. On information and belief, Defendant Kaged is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 101 Main Street, Suite 360, Huntington Beach, California 92648.

## JURISDICTION AND VENUE

5. This Court has federal question subject-matter jurisdiction over the Lanham Act claim in this action under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claim in this action under 28 U.S.C. § 1367 because this claim arises out of the same transactions and occurrences giving rise to the federal Lanham Act claim and is so related to that claim as to be part of the same case or controversy.

6. Defendant is subject to personal jurisdiction in this Court because Defendant maintains its principal place of business in this District, has purposefully availed itself of the privilege of transacting extensive business in the State of California, and has committed acts of false advertising and unfair competition directed at residents of the State of California, including residents of this District. In addition, Defendant's actions have caused considerable harm to Plaintiff, a California limited liability company. Thus, the exercise of personal jurisdiction over Defendant here is reasonable and comports with principles of fair play and substantial justice.

7. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Business and Supplement Products

8. Plaintiff PhD was created for the primary purpose of delivering sports performance nutrition based on actual science, for athletes worldwide. Plaintiff's primary goal is to create the number-one sports nutrition and lifestyle brand for the future that enables athletes to reach their performance goals.

9. The founders of PhD and PhD's employees have spent considerable time and effort developing this brand and guarding its reputation and goodwill in the competitive and constantly-evolving sports performance nutrition industry as the success of this business depends on consumers regarding Plaintiff's products as reliable, honest, and effective.

10. Plaintiff sells a workout supplement called Pre JYM High-Performance Pre-Workout ("Pre JYM Product"). Figure 1 is illustrative

1  of the front of a Pre JYM Product bottle.  Figure 2 is illustrative of the
2  supplement facts panel of a Pre JYM Product.

### Figure 1
### Front Label of Pre JYM Product Bottle (Rainbow Sherbet)



20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

**Figure 2**

**Supplement Facts Panel of Pre JYM Product (Rainbow Sherbet)**

[Supplement Facts label image]

B.  **Defendant's Wrongful Activities**

11.  Defendant Kaged is a competing nutritional supplement brand. It describes itself as "the elite supplement brand," "born of a need for ultra-premium, health-focused products that actually work."[1]

12.  Beginning on or about November 3, 2022, Defendant launched an advertising campaign on social media featuring a chart comparing its Pre-Kaged nutritional supplement product to Plaintiff's

---

[1] Kaged, About, https://www.kaged.com/pages/about-kaged.

1  Pre JYM Product.  Figure 3 is an example of Defendant's Facebook post
2  on or about December 20, 2022 which included the following chart:

**Figure 3 Comparison Chart**



13.  The Comparison Chart contains at least three false representations of fact regarding Plaintiff's Pre JYM Products.

14. First, Pre JYM Products contain 6 grams of citrulline malate per serving, not L-citrulline, as represented in the Comparison Chart.

15. Second, Pre JYM Products contain 2 grams of creatine HCL per serving, not pure creatine, as represented in the Comparison Chart. Creatine HCL is a creatine molecule with the addition of a hydrochloride group.

16. Third, Pre JYM Products contain 6 grams of branched-chain amino acids ("BCAAs") per serving, not 1.5 grams, as represented in the Comparison Chart. Specifically, Pre JYM Products contain a total of 6 grams of BCAAs per serving: 3 grams of L-leucine, 1.5 grams of L-isoleucine, and 1.5 grams of L-valine.

17. Therefore, Defendant's Facebook post of the Comparison Chart contains false representations of fact regarding Plaintiff's Pre JYM Products and thus misrepresents the characteristics and qualities of Plaintiff's Pre JYM Products.

18. Upon information and belief, Defendant knew, at least, the representations in the Comparison Chart relating to L-citrulline, creatine, and BCAAs in Plaintiff's Pre JYM Products were false because the correct information is easily discerned from the product supplement panel.

19. Upon information and belief, Defendant made the Facebook post to the online consumer public with the intent to injure Plaintiff's business reputation and to dissuade consumers from purchasing Plaintiff's Pre JYM Products.

20. Upon information and belief, Defendant's acts complained of herein were intentional, deliberate, and willful.

/ /
/ /

1   21.   As a result of Defendant's actions, Plaintiff has suffered a loss of its goodwill and reputation and lost sales of its Pre JYM Products and other nutritional supplement products.

### FIRST CLAIM FOR RELIEF

### False Advertising in Violation of Section 43(a)

### of the Lanham Act, 15 U.S.C. § 1125(a)

22.   Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

23.   Defendant has made false representations of fact regarding Plaintiff's Pre JYM Products in connection with the advertising, promotion, and sale of Defendant's own products on social media platforms such as Facebook.

24.   Defendant's conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes false advertising, in violation of 15 U.S.C. § 1125(a).

25.   Defendant's misconduct has unjustly enriched Defendant and damaged Plaintiff.

26.   Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Plaintiff, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Plaintiff seeks treble the amount of its damages.  Due to the exceptional nature of this case, Plaintiff also seeks its reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

27.   Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

/ /

28. Defendant has made false representations of fact regarding Plaintiff's Pre JYM Products in connection with the advertising, promotion, and sale of Defendant's own products on social media platforms such as Facebook, in violation of the Lanham Act. Defendant's wrongful conduct therefore constitutes an unlawful business act or practice within the meaning of Cal. Bus. & Prof. Code § 17200.

29. Defendant's false representations of fact regarding Plaintiff's Pre Jym Products are likely to confuse, mislead, or deceive the general public and therefore constitute a fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof. Code § 17200.

30. The unlawful and/or fraudulent business acts or practices of Defendant are likely to continue and therefore will continue to mislead the public as to the content and qualities of Plaintiff's Pre JYM Products.

31. As a result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer damages, including to its goodwill and reputation in the form of lost sales of its products, while Defendant has enjoyed and continues to enjoy unlawful profits in an amount to be determined at trial.

32. Upon information and belief, Defendant's acts described above were committed intentionally, deliberately, and willfully.

33. Upon information and belief, Defendant's wrongful conduct was undertaken with the deliberate intent to injure Plaintiff's business and to dissuade consumers from purchasing Plaintiff's Pre JYM Products.

/ /

34. Defendant's acts described above have caused irreparable harm to Plaintiff and, unless enjoined by this Court, will cause further irreparable harm for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and with the following relief:

1. Judgment that Defendant has engaged in false advertising and unfair competition in violation of the Lanham Act;

2. Judgment that Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*;

3. A preliminary and permanent injunction enjoining Defendant and all other persons acting in concert or participation with Defendant from committing further acts or practices of false advertising and unfair competition relating to Plaintiff's Pre JYM Products and from committing any other unfair business practices directed towards obtaining for itself the business and customers of Plaintiff;

4. Award monetary damages, including Plaintiff's actual damages and Defendant's profits under the Lanham Act (15 U.S.C. § 1117);

5. Award all restitutionary damages sustained by Plaintiff and disgorgement of all profits obtained by Defendant as a result of Defendant's unfair competition, and/or any and all other forms of damages to which Plaintiff is entitled;

6. Award Plaintiff its reasonable attorney's fees, costs, and expenses of this action in accordance with 15 U.S.C. § 1117(a);

7. Award Plaintiff pre-judgment and post-judgment interest as provided by law; and

8. For such other and further relief as the Court may deem just and proper.

                                           Respectfully submitted,

Dated: January 5, 2023         DTO LAW

By: */s/ William A. Delgado*
    William A. Delgado

Attorney for Plaintiff
PHD FITNESS LLC d/b/a JYM SUPPLEMENT SCIENCE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated:  January 5, 2023

DTO LAW

By: /s/  William A. Delgado
William A. Delgado

Attorney for Plaintiff
PHD FITNESS LLC d/b/a JYM SUPPLEMENT SCIENCE